*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-015

APRIL TERM, 2014

| | | |
|---|---|---|
| Heidi Lague | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Franklin Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Lawrence T. Lyons | } | DOCKET NO. 273-12-13  Frfa |

Trial Judge: Martin A. Maley

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the trial court's issuance of a relief-from-abuse (RFA) order against him.  He argues that the court improperly speculated about the possibility of future abuse.  We affirm.

Plaintiff and defendant were romantically involved for approximately one-and-a-half years, and they have a child together.  In December 2013, plaintiff requested a RFA order against defendant after defendant allegedly threatened her with a gun.  Following a hearing, the court granted plaintiff's request.  At the hearing, plaintiff testified that she had broken up with defendant approximately three weeks before the incident in question, but defendant continued to stop by her home.  Many of his belongings remained in plaintiff's home although plaintiff had asked him repeatedly to remove them.  Plaintiff stated that she was intimidated and frightened by defendant.  The court found that plaintiff wanted to separate from defendant, while defendant believed that there might be some hope of reconciliation.

On the day in question, plaintiff put defendant's remaining belongings onto her porch, which upset defendant.  Rather than leave plaintiff's property, however, defendant began working on his truck in plaintiff's driveway.  Later that day, defendant called plaintiff's home and threatened suicide.  Defendant then went to talk to a friend and became more agitated and upset.  Plaintiff was concerned by defendant's suicide threat and called the police.  When plaintiff saw defendant drive by her home, she and her son went in their car to check on him.  Defendant had pulled his truck off the road by plaintiff's house.  When plaintiff rolled down her window to speak to defendant, defendant lambasted her about information he had received about her from a friend.  Plaintiff drove away and as she tried to return to her home, defendant waved her down with a sawed-off shotgun in his hand.  Plaintiff did not stop.  Instead, she returned home and called the police.

The court found that the situation here had escalated to an extreme degree.  While defendant maintained that he did not know he had a gun in his hand, the court rejected this testimony as preposterous.  It found that defendant had purposely pulled the gun out either to threaten to shoot plaintiff or to threaten her by showing that he was going to kill himself.  The court found that defendant's actions had put plaintiff and her son at risk, and that there was a

danger of further abuse. The court expressed its reluctance to issue a long-term RFA order given that the parties had a child together and that they needed to find a way to live separately and co-parent as best they could. It concluded, however, that there needed to be a "cooling-off period," and it issued a final RFA order for ninety days. This appeal followed.

Defendant argues that the court failed to make findings to show that there was a danger of future abuse. Defendant acknowledges that the court did in fact find a danger of future abuse, but he faults the trial court for "merely parrot[ing] the statutory language." He suggests that the court was speculating about the danger of future abuse.

We find no error. By statute, the court must find that a defendant has abused a plaintiff and that there is a danger of further abuse before it may issue a RFA order. 15 V.S.A. § 1103(c)(1)(A). On review, we will uphold the court's findings unless clearly erroneous, and we will uphold the court's conclusions where supported by its findings. Stickney v. Stickney, 170 Vt. 547, 548 (1999) (mem.); Begins v. Begins, 168 Vt. 298, 301 (1998). The court's decision is supported by the record here.

As is evident and as defendant appears to concede, the court did find a danger of further abuse in this case. Certainly, the court did not err by reciting the language of the statute in its decision—it identified and applied the appropriate legal standard. Indeed, it is difficult to see what the court might have added to its finding to satisfy defendant.

The court's observation that the abuse might not happen again does not undermine its finding that there was a sufficient possibility that it would. The court cannot divine the future. The court recognized that this was a close case, but ultimately concluded that defendant had engaged in a purposeful act that put plaintiff and her son in danger. The court plainly found that the situation between the parties remained volatile. Given this, and the prior extreme escalation of the conflict between the parties, the court reasonably concluded that there was a danger of further abuse and that a "cooling off" period was warranted. While defendant disagrees with the court's conclusion, it is the exclusive role of the trial court, not this Court, to weigh the evidence and assess the credibility of witnesses. Cabot v. Cabot, 166 Vt. 485, 497 (1997). There was sufficient evidence from which the court could make its finding, and it did not engage in improper speculation in finding a danger of future abuse.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


2